IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | CRIMINAL ACTION NO. 15-492 |
| | : | |
| JEROME WALKER, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 19th day of March 2018, upon consideration of Defendant's *pro se* Motion to Dismiss the Indictment [Doc. No. 77], and the response thereto, it is hereby

**ORDERED** that the Motion [Doc. No. 77] is **DENIED**.[1]

---

[1] It is alleged that on three separate occasions in April of 2015, Defendant Jerome Walker sold crack cocaine to a confidential informant working with the Philadelphia Police Department's Narcotics Field Unit. The Indictment charges Defendant with: distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a) (Counts 1-3); possession with intent to distribute crack and cocaine in violation of 21 U.S.C. § 841(a) (Counts 4-5); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 6); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 7).

Defendant has filed a motion to dismiss the Indictment pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3). Under Rule 12(b)(2), Defendant alleges that the Court lacks jurisdiction, and under Rule 12(b)(3) he alleges that the Indictment is defective.

Rule 12(b)(2) allows a defendant to move to dismiss an indictment for lack of jurisdiction. Fed. R. Crim. P. 12(b)(2). Section 3231 of Title 18 of the United States Code states, however, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, the Indictment against Defendant alleges that he violated laws of the United States, over which this Court has jurisdiction. *See United States v. Spencer*, 398 F. App'x 845, 848 n.4 (3d Cir. 2010) ("[The defendant's] other arguments also lack merit. He contends that the district court lacks subject matter jurisdiction over criminal matters but 18 U.S.C. § 3231 properly confers such jurisdiction."). It is irrelevant that Defendant could have been prosecuted under Pennsylvania law in state court. Defendant's argument is without merit.

Rule 12(b)(3) establishes that a defendant may raise by pretrial motion the defense of a defect in the indictment, such as "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). An indictment must contain only a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient so long as it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (internal citation omitted). Further, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *Id.* (citing *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). In this case, each count of the Indictment meets

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
CYNTHIA M. RUFE, J.

---

this standard, alleging what crimes were committed and when, and Defendant's motion to dismiss will be denied on this basis.

Defendant also argues that the Indictment is defective because the felony drug counts each do not contain an element of interstate commerce. Although 21 U.S.C. § 841(a) and 18 U.S.C. § 924(c) were enacted pursuant to Congress' powers under the Commerce Clause, neither provision contains an element requiring proof of an effect on interstate commerce. *See* 21 U.S.C. § 841(a); 18 U.S.C. § 924(c); *United States v. Hall*, No. 11-473, 2015 WL 4644104, at *5 (E.D. Pa. Aug. 5, 2015). Moreover, the United States Supreme Court has concluded that Congress may regulate the intrastate production, possession, and distribution of controlled substances based on the aggregate effect such activity has on interstate commerce. *See Gonzales v. Raich*, 545 U.S. 1, 17, 22 (2005). For example, the United States Court of Appeals for the Third Circuit explained the interstate nature of illegal drug trafficking under federal law in *United States v. Orozco*, and stated that Congress "expressly found that drug trafficking affected interstate commerce" and that it "has the power to regulate that market just as it has the power to regulate food and drugs in general." 98 F.3d 105, 107 (3d Cir. 1996). Other circuits have examined this question and reached the same conclusion that such statutes are constitutional because Congress has the power under the Commerce Clause to regulate the illegal drug market, regardless of whether the transactions at issue are intrastate. *See United States v. Edwards*, 98 F.3d 1364, 1369 (D.C. Cir. 1996); *United States v. Lerebours*, 87 F.3d 582, 584-85 (1st Cir. 1996); *United States v. Genao*, 79 F.3d 1333, 1336-37 (2d Cir. 1996); *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995); *United States v. Tucker*, 90 F.3d 1135, 1140-41 (6th Cir. 1996); *United States v. Westbrook*, 125 F.3d 996, 1009-10 (7th Cir. 1997); *United States v. Brown*, 72 F.3d 96, 97 (8th Cir. 1995) (per curiam); *United States v. Tisor*, 96 F.3d 370, 373-75 (9th Cir. 1996); *United States. v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995); *United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997). Therefore, Defendant's interstate commerce argument is without merit.