IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | **NO. 15 CR 492** |
| **Jerome Walker** | : | |

## MEMORANDUM

  Defendant, Jerome Walker was indicted in this matter on October 13, 2015 and charged with Possession with Intent to Deliver Cocaine Base (Dkt. 1). At the time the indictment was filed, Mr. Walker was being held in custody in Philadelphia County. On October 23, 2015 Mr. Walker was arraigned and immediately detained in federal custody (Dkt. 6). Mr. Walker subsequently entered a guilty plea and, on September 18, 2018, was sentenced to 180 months of imprisonment, to be followed by a term of supervised release. (Dkt. 120). On January 21, 2025, Mr. Walker received an Executive Grant of Clemency, which resulted in the expiration of his federal term of incarceration effective February 17, 2025. (Dkt. 141). Upon termination of his federal sentence pursuant to the Grant of Clemency, Mr. Walker was returned to the custody of the Pennsylvania Department of Corrections to serve a state sentence arising from a parole violation. It is the calculation of time credit associated with that state sentence that appears to the be subject of Defendant Walker's instant petition.

  In this motion before this Court (Dkt. #142), Defendant Jerome Walker in its own terms, "seeks relief by the Court[']s discretion to commute his credited presentence jail time." While this *pro se* submission is not a model of legal clarity, it seems that Mr. Walker is asking the Court to utilize its equitable powers to revise a sentence imposed from more than seven years ago and, in turn, essentially require the Pennsylvania Department of Corrections to credit toward the state

sentence he is presently serving, the time he spent in federal custody before he pleaded guilty to his federal crime.

As an initial matter, addressing the request as it is literally made, this Court plainly lacks legal authority to commute a Pennsylvania sentence. Rather "[t]he constitutional power of the Governor to grant pardons and commutations of sentence is exclusive. . . ." *PA Prison Soc. v. Cortes*, 622 F.3d 215, 221 (3d Cir. 2010) (alterations in original). If Mr. Walker wishes to be considered for a commutation of his Pennsylvania sentence, he must seek it by way of Pennsylvania's executive.

Construing Mr. Walker's Motion broadly, Mr. Walker's request here sounds in habeas relief, which is within the jurisdiction of this Court. Mr. Walker appears to make reference to two potential constitutional law issues which, if properly presented, would require this Court to analyze them carefully. His primary argument seems to be that a change in Pennsylvania law regarding how time served is calculated was effectuated after his federal sentence in this case, and that its application to him violates the Constitution's *ex post facto* clause. Secondarily, he asserts that he received ineffective assistance of counsel for failing to ensure that some perceived loose end regarding time served was properly addressed.

But to the extent this Court construes the Motion as a request for habeas relief rather than commutation, that request must also be denied. In order to bring a habeas claim in federal court, a defendant must first have "fairly present[ed] a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (cleaned up). Here, Mr. Walker claims his request for additional credit was rejected by Pennsylvania's Parole Board. But there is

no reference to that claim having been appealed or otherwise brought before a Pennsylvania court. For that reason, this court cannot consider it at this time.[1]

Finally, to the extent Mr. Walker is making an argument that Pennsylvania has misinterpreted its own statute, a state Court's interpretation of state statutes regarding credit for time served "is a matter of state concern and is not cognizable on federal habeas review." *Alward v. Warden, LSCI-Allenwood*, No. 3:24-CV-00792, 2024 WL 3362288, at *2 (M.D. Pa. July 9, 2024); (citing *Travis v. A.L. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991)); *see also*, *Bable v. Corbin*, No. CIV.A. 11-145, 2013 WL 5514283, at *14 (W.D. Pa. Oct. 4, 2013) ("Federal jurisprudence is well-established that interpretation of state statutes regarding credit for time served is a matter of state concern, which a federal habeas court cannot reexamine."); *Hardy v. Luzerne Cnty.*, No. CIV. 1:CV-07-0672, 2007 WL 2253463, at *1 (M.D. Pa. Aug. 3, 2007)l *Chestnut v. Pennsylvania Dep't of Corr.*, No. CIV.A.04-CV-2369, 2004 WL 2244551, at *3 (E.D. Pa. Oct. 1, 2004).

While this Court would consider the entire factual record and legal arguments *de novo* were it to see this case again after Mr. Walker exhausts his requirements in the Courts of the Commonwealth of Pennsylvania, on first blush, this Court sees no error in how Mr. Walker's time was calculated. He was credited with time served towards his *federal* sentence for the time he spent in *federal* custody awaiting trial, as is typical. Mr. Walker argues that counsel could have ensured it was stipulated that the federal sentence run concurrently to the parole violation sentence. There is nothing in the record that suggests such a stipulation was possible as a matter of negotiation between Mr. Walker and the government, and no legal authority for the idea that such a stipulation

---

[1] To Mr. Walker's credit, he appears to understand that he is missing this procedural step, as he acknowledges that his request is seeking "alternative relief" in order "[t]o avoid inconvenience of time of going through the litigation process of his ex post facto argument. . . ." (Dkt. #142 at p 8 of 14) (sic).

would have bound the Court to sentence him accordingly. Because parole sentences are most often served consecutively, this Court sees nothing even remotely ineffective about his counsel's approach to sentencing. To the contrary, this Court would be quite surprised if such an agreement could have been reached in a case such as Mr. Walker's. Failing to seek a stipulation which would doubtlessly be rejected by the government cannot be ineffective assistance of counsel, as there is no prejudice to the Mr. Walker. *See Harrington v. Richter,* 562 U.S. 86, 104, (2011) (noting that an ineffective assistance of counsel claim requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[]" and defining reasonable probability as "a probability sufficient to undermine confidence in the outcome.")

Mr. Walker further suggests that his counsel should have requested that he be returned to state custody to finish up his parole sentence, and then go to a federal facility for his federal sentence. This argument would fail for the same reasons explained above: there is no showing anyone would have agreed to it, and no authority that suggests the Court would have been bound to impose the sentence accordingly. It unfair to characterize the failure to obtain this massive windfall ineffective assistance of counsel, as the only way to know the request could even benefit him would require defense counsel to predict the future. *See Strickland v. Washington,* 466 U.S. 668, 689 (1984) (holding that an ineffective assistance of counsel claims requires "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

At the time of sentencing, there was no reason to think that Mr. Walker's federal sentence would be commuted seven years later. Further, there is no way for the defense counsel to know if President Biden would have commuted Mr. Walker's sentence in this counter-factual world in

which he has served eighteen fewer months. Perhaps what made Mr. Walker such a good candidate for commutation in President Biden's view is that he had served so much time already. For that reason, this Court cannot say with certainty that serving his Pennsylvania time first would have even benefited Mr. Walker.

This Court wishes to write briefly to praise Mr. Walker's substantial efforts to improve himself throughout his time in federal custody. This Court recognizes the record evidence supplied by Mr. Walker that suggests he has built the skills he will need upon his release and that he has rehabilitated himself to prepare him to be a productive and law-abiding member of society. This Court's order today should not, in any way, be construed as an opinion as to whether or not additional time in Pennsylvania prisons is necessary as to him or advances any of the goals of incarceration. Rather, this Court's order is limited to procedural issues before it. This Court cannot grant commutation and does not presently have jurisdiction over a habeas claim. For these reasons, the Motion is denied. An appropriate order will follow.

DATED: December 23, 2025          BY THE COURT:

_____
GAIL WEILHEIMER,    J.